RULEY, JUDGE:
The respondent as “Owner” and the claimant as “Architect” executed a written contract dated August 14,1963, under the terms of which the claimant was obliged to render professional architectural and engineering services incident to the construction of “a New Office Building” to be located in the Capitol Complex in Charleston. In its Notice of Claim filed April 11,1975, the claimant avers that it is entitled to damages in the sum of $185,984.54, consisting of the following:
(1) For a Departmental Space Study performed pursuant to paragraph 9, Article II of the contract and which was completed on September 5, 1969, the sum of $18,183.38;
(2) For “Reimbursable Expense of the Architect” incurred under Article V of the contract on the job site at Buildings 5, 6, and 7, from January, 1968, through April, 1971, the sum of $150,579.96; and
(3) For Administration, Inspections and Building Maintenance, performed pursuant to paragraph 9, Article II of the contract, the sum of $17,221.20.
At the beginning of the hearing on the claim, counsel for the claimant informed the Court that an error had been made in calculating the second item and that its correct amount was $59,610.26, thereby reducing the total claim to $95,014.84.
The defenses pleaded and relied upon by the respondent were: first, that the claim is barred by the statute of limitations; and, second, that the services to which they pertain were either within the scope of the contract and paid for, or beyond the scope of the contract. At the hearing, when the Court, for the first time, saw the *143 contract which was admitted into evidence as Claimant’s Exhibit 3, the Court, on its own motion, raised the matter of arbitration, inasmuch as Article XI of the contract, being a standard American Association of Architects form, provides:
“XI ARBITRATION
Arbitration of all questions in dispute under this Agreement shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decisions of the arbitrators shall be a condition precedent to the right of any legal action.”
In their brief upon the issue of arbitration, claimant’s counsel have taken the position that the parties waived their rights to arbitration, but have relied mainly on the case of Earl T. Browder, Inc. v. County Court of Webster County, 143 W.Va. 406, 102 S.E.2d 425 (1958) and Independent School Dist. No. 35 v. A. Hedenberg & Co., Inc., 7 N.W.2d 511 (Minn. 1943). Conspicuously absent from that brief is any mention whatsoever of the case of Board of Education, etc. v. W. Harley Miller, Inc., ....W.Va...., 221 S.E.2d 882 (1975) and Board of Education, etc. v. W. Harley Miller, Inc.,....W.Va....., 236 S.E.2d 439 (1977). From those two decisions, it appears that, under the law of West Virginia, where the parties have expressly agreed that all disputes under their contract shall be submitted to arbitration and that arbitration is a condition precedent to litigation, arbitration is the exclusive remedy. That is not to say that it is impossible to waive arbitration, but it would seem to take more than mere inaction for a waiver to occur. See the second Miller Case, Footnote 7, 236 S.E.2d 439, at 450. For instance, in Browder, failure to arbitrate after a demand had been made was held to constitute a waiver. In Parkersburg v. Turner Construction Company, 442 F. Supp. 673 (N.D.W.Va. 1977), the district court, construing West Virginia law, held that arbitration was a condition precedent to litigation, and, for that reason, entered judgment for the defendant. The U.S. Court of Appeals for the Fourth Circuit rendered a decision on January 11, 1980, vacating that judgment, but remanded the case with directions to stay further proceedings in the district court pending arbitration. In its decision, the appellate court stated:
*144 “Not to easily rejected, however, is the city’s contention that Turner waived the right to arbitration by failing to assert it. Indeed, despite the clear and broad arbitration provision, neither party sought that remedy. Nonetheless, we conclude that arbitration is still available***.”
The same reasoning appears to apply here, and, in order to follow the cited precedents, further proceedings in this Court will be stayed pending arbitration of the dispute between the parties.